GARBER et al. v. WRIGHT CAST STONE Co., INC.

(Division A.   March 6, 1933.)

[146 So. 449.   No. 30240.]

Butler & Snow, of Jackson, for appellants.

**Chambers & Trenholm,** of Jackson, for appellee.

42

Argued orally by **George Butler**, for appellant, and by **E. L. Trenholm**, for appellee.

**Cook, J.**, delivered the opinion of the court.

This appeal is from a decree of the chancery court of Hinds county, awarding the appellee a recovery of four thousand six hundred fourteen dollars and fifty-three cents against I. C. Garber and A. L. Dickson, composing the firm of Garber & Dickson, general contractors, and United States Fidelity & Guaranty Company, as surety on a bond executed by said contractors to guarantee the performance of their contract with the building commission of the state of Mississippi for the construction of

three public buildings on the campus of the University of Mississippi.

On the 6th day of June, 1929, the appellants, Garber & Dickson, entered into a contract with the state building commission to furnish all materials and do all work necessary to construct, according to certain plans and specifications, three buildings at the said University, viz., the hospital building, graduate and classroom building, and demonstration high school building; and duly executed bond with United States Fidelity & Guaranty Company, as surety, for the performance of the contract, and the payment of laborers and materialmen. Thereafter the following contract was entered into between appellants, Garber & Dickson, and the appellee:

"Garber & Dickson, Jackson, Miss.

"Gentlemen: We propose to furnish cast stone and cast granite where stone and granite are shown on plans and called for in specifications of Frank P. Gates & Company, Architects, Jackson, Miss., on Demonstration High School, Graduate School and Classroom Building, and General Hospital Building for the University of Mississippi, located at Oxford, Miss., with full freight allowed to Oxford, Miss., as follows:

Demonstration High School .................$ 4,738.00
General Hospital ......................... 7,834.00
Graduate School and Class Room Building ... 20,678.00

$33,250.00

"Delivery: Cast stone on Demonstration High School to be delivered first. All cast stone to be delivered in order of use and as required. In case you (the General Contractors) are delayed on any of the building, such delay being caused solely by our failure to deliver cast stone as needed, we agree to forfeit a sum not to exceed damages in so far as you are liable and in no case to exceed fifty dollars per day on each building.

"Terms: Eighty-Five per cent (85%) of the value of all stone delivered on the job will become due between the 1st and 10th of the month following delivery of same. Balance to be paid when all stone is set in the buildings and accepted by the Architect and Commission.

"Very truly yours,

"Wright Cast Stone Co. Inc.

"NHW-W                    By Neldien H. Wright.

"Accepted: Garber & Dickson

"By: A. L. Dickson

"Dated: 6—19—29."

The bill of complaint filed herein set up the making of the contract between Garber & Dickson and the state building commission, the execution of the performance bond, the making of the contract between Garber & Dickson and the appellee, and alleged that the appellee delivered, in compliance with its contract, all the material for the graduate school and classroom building, and demonstration high school building, and also stone for the hospital building, aggregating seven hundred sixteen dollars and forty cents; and that it was at all times ready, willing, and able to deliver all the remainder of said material for the hospital building, but, through no fault of the appellee, the said Garber & Dickson refused to take or receive the remainder of said material for said building.

It was further averred that the appellee furnished certain extra stone, amounting to three hundred twenty-eight dollars and thirty cents, and had incurred expense in making estimates, drawings, models, moulds, etc., for the manufacture of the stone for the hospital building amounting to seven hundred eighty-three dollars and thirty cents, and, at the request of said contractors, it had furnished certain labor and had incurred certain expenses in connection with the stone which went into the building, aggregating six hundred sixty-eight dollars and

forty cents, for all of which it alleged liability on the part of said Garber & Dickson. There were exhibits annexed to the bill of complaint showing the entire amount of stone and extras furnished to the contractors, an itemized statement of the extra cost of stone for the hospital building, on account of the failure to take the entire contract amount, aggregating seven hundred eighty-three dollars and forty cents, and other items claimed for labor on stone, etc., amounting to six hundred sixty-eight dollars and forty cents, together with a list of credits, the account showing a balance alleged to be due the appellee of five thousand two dollars and sixty-three cents, for which a decree was sought. ·

The answer admitted that appellee furnished the stone for the graduate school and classroom building, demonstration high school building, stone of the value of seven hundred sixteen dollars and forty-one cents for the hospital building, and extras amounting to three hundred twenty-eight dollars and thirty cents. As to the items aggregating seven hundred eighty-three dollars and forty cents, it denied that appellee had incurred expense in making estimates, drawings, models, and moulds for the manufacture of the other stone, and denied the correctness of each item going to make this aggregate sum, and averred that they were unnecessary, unreasonable, and excessive. The answer also denied the appellants' liability for the item of six hundred sixty-eight dollars and forty cents for labor furnished by the appellee in the construction of the buildings, and claimed additional credits amounting to one hundred twenty-two dollars and sixty cents, and also a credit of three thousand nine hundred dollars, as liquidated damages at fifty dollars per day for seventy-eight days' delay due to the failure of the complainant (appellee) to deliver stone according to contract.

As to the item of three thousand nine hundred dollars

damages for delay, the appellants averred that, under the contract between Garber & Dickson and the appellee, the stone was to be worked to a special design, according to plans and specifications, and under paragraph C, section 2 of the original contract, the appellee became the subcontractor of Garber & Dickson, and, under section 37 of the general specifications and conditions, became and was bound to the contractor by the terms of the agreement and conditions, drawings and specifications, and assumed toward the contractors all the obligations and responsibilities that the contractor by said documents assumed towards the owner; that under the subcontract the appellee agreed to deliver the stone called for thereby in the order of use and as required, and that, in case Garber & Dickson were delayed on any building solely on account of the failure of appellee to deliver the stone as needed, it agreed to pay Garber & Dickson a sum not to exceed the damages for which they were liable (meaning thereby, they averred, from information and belief, the damages sustained by them), and in no case to exceed fifty dollars per day.

The answer further averred that the appellee failed and refused to deliver the stone in the order of use, and as required, and by reason thereof delayed Garber & Dickson in the completion of the demonstration high school building and the graduate school and classroom building, a total of seventy-eight days, and prevented them from building said buildings within the time specified in their contract with the commission, and, as a result thereof, the said Garber & Dickson became liable to pay, and were required to pay, to the building commission, fifty dollars per day for the seventy-eight days' delay caused solely by appellee's failure to deliver the stone, amounting to three thousand nine hundred dollars, which sum they were entitled to deduct from any sums which they might otherwise be due appellee.

It was further averred that, by reason of the failure of appellee to furnish the stone in accordance with its contract, Garber & Dickson suffered other damages, in that during the seventy-eight days they were prevented from the prosecution of the work and the performance of their contract, they were compelled to maintain their organization and retain their equipment on the job awaiting delivery of the stone, at a cost of approximately four thousand seven hundred five dollars and seventy cents, and were consequently damaged in addition to the three thousand nine hundred dollars paid to the building commission, in the further sum of four thousand seven hundred five dollars and seventy cents; and that, if for any reason it should be held that Garber & Dickson had not been required to pay the building commission the sum of fifty dollars per day for the said delay, then, it was averred, under the terms of the contract, properly construed, the appellee became indebted to them for such additional cost not to exceed the sum of fifty dollars per day for the delay, amounting to three thousand nine hundred dollars, which they were entitled to have applied against any sum of money otherwise due appellee under the contract.

Voluminous testimony was offered bearing upon the items in controversy and the issues presented; and the court entered a decree disallowing appellee's item of six hundred sixty-eight dollars and forty cents, and two hundred sixty dollars and two cents of its item of seven hundred eighty-three dollars and forty cents, and allowing appellants' claim of one hundred twenty-two dollars and sixty cents, additional credits, but disallowing their claim of three thousand nine hundred dollars as damages for delay, and finally awarded the appellee a recovery against Garber & Dickson and their surety of four thousand one hundred fifty-two dollars and sixty-one cents, with four hundred sixteen dollars and ninety-two cents interest, amounting in the aggregate to four

thousand six hundred fourteen dollars and fifty-three cents.

The appellants, in their answer, and on appeal, contend that they were entitled to the credit of three thousand nine hundred dollars as damages for failure to furnish the stone in the order of use as required and needed, first, because by reason of such delay they became liable and were required to pay the building commission that sum. Upon the proof, including the records of the building commission which were in evidence, the chancellor found that the building commission made no deduction for delay, and we think this finding is supported by the evidence. The proof shows that, after the demonstration high school building and the graduate and classroom building were completed, and the construction of the hospital building had been finally abandoned, the supervising architect made a final estimate of the amount due Garber & Dickson, which, after deducting an alleged overpayment on the demonstration high school building of one thousand eight hundred dollars and ninety-three cents, and without any deduction or penalty for delay, amounted to thirty-nine thousand eight hundred ninety-three dollars and forty-seven cents. From this amount the architect recommended a deduction of five thousand dollars for one hundred days' delay, which the building commission at first adopted, and thereupon offered Garber & Dickson in final settlement thirty-four thousand eight hundred ninety-three dollars and forty-seven cents, which they refused to accept as a final settlement. Garber & Dickson afterwards submitted to the building commission an audit showing that they had actually expended on the buildings four thousand three hundred twenty-five dollars more than they would receive under the offer of settlement; and thereupon the building commission made them an additional allowance of four thousand three hundred twenty-five dollars, and allowed them

to retain the alleged overpayment of one thousand eight hundred dollars and ninety-three cents, all of which aggregated forty-one thousand nineteen dollars and forty cents, or one thousand one hundred twenty-five dollars and ninety-three cents in excess of the architect's final estimate of the amount due them under the contract. From these facts the court was amply warranted in finding that the contractors were not in fact penalized for delay by the building commission, and, consequently, the appellants were not entitled to this credit on the theory that they had been penalized, or required to pay as liquidated damages, that amount by the building commission.

It is further contended, however, that, if it is held that the contractors, Garber & Dickson, were not required to pay to the building commission the sum of fifty dollars per day for delay in completing the buildings, still the appellee was liable to the contractors to the extent of fifty dollars per day for expenses incurred in maintaining their organization and retaining their equipment on the job for seventy-eight days that they were delayed in completing the buildings by the failure of appellee to furnish stone in accordance with the requirements of the contract.

The contract between Garber & Dickson and the appellee required the stone to be delivered in order of use and as required, and provided that for any delay on any of the buildings, caused solely by appellee's failure to deliver the stone as needed, the appellee would be liable for, and would forfeit to said contractors, a sum not to exceed damages for which they were liable, in no case to exceed fifty dollars per day on each building. The original contract between the contractors and the building commission provided that the contractors should forfeit to the building commission the sum of fifty dollars per day as liquidated damages for each day's delay beyond the

time limit fixed in said contract for the completion of the buildings; and the effect of the contract between Garber & Dickson and the appellee was to require the appellee to reimburse the said contractors for all sums for which they were liable to such building commission on account of delay, provided such delay was caused solely by the failure of the appellee to deliver the stone as needed. From the context it is manifest that the provision that the appellee would forfeit a sum not to exceed damages for which the contractors were liable means, and should be construed as requiring, that the appellee should reimburse the contractors only for such sums as they were required to forfeit or pay to the building commission as liquidated damages for the delay, not to exceed fifty dollars per day, if such delay was caused solely by the fault of appellee. Liability of the contractors under the original contract, for which the appellee assumed an obligation to reimburse them, was liability for delay only, and the measure and extent of that liability that was assumed by the appellee was fixed at a sum not to exceed fifty dollars per day for each day's delay caused by appellee's fault or failure under its contract. The contract recognized the possibility of delay and fixed the measure of damages therefor at fifty dollars per day, and further limited the damages recoverable from appellee to such damages as the contractors were liable for, that is, such as they were required to pay to the owner; and, the contract having definitely fixed the damages recoverable from the appellee for delay as being such damages only as the contractors were required to pay the owner, the appellee's general liability for other damages, if any, resulting from delay in completing the buildings, was excluded, and the contractors were thereby limited to a right to recover from the appellee only such damages as resulted from the failure of appellee, and which they were required to pay to the owner.

It is conceded throughout that the right of Garber & Dickson to recover from the appellee damages for delay is limited to fifty dollars per day; and, if the right to recover any damages for delay is not limited to such damages as the contractors were required to pay the owner, it is not clear to us why the limitation of fifty dollars per day would apply to a claim for other damages resulting from delay. It appears to us that the contract between the appellants, Garber & Dickson, and the appellee limited the damages recoverable from the appellee for delay to such damages as the said contractors incurred and were required to pay to the owner for any delay caused by the appellee, and thereby excluded any right of the contractors to recover other damages for such delay; and that the court below committed no error in excluding the evidence offered for the purpose of proving such damages.

Of the claim of seven hundred eighty-three dollars and forty cents for extra cost or damages sustained by the appellee, by reason of the contractors' failure to take all the stone for the hospital building, the court below allowed recovery for the items of three hundred sixty-eight dollars and thirty-eight cents for moulds and models, one hundred twenty dollars for detailing, and thirty-five dollars for bond premium, aggregating five hundred twenty-three dollars and thirty-eight cents. As to the items of three hundred sixty-eight dollars and thirty-eight cents for moulds and models, and one hundred twenty dollars for detailing, we think the testimony is too indefinite and uncertain to sustain the decree of the chancellor, and that these items should have been disallowed. The proof supports the allowance of thirty-five dollars for bond premium paid on account of the proposed construction of the hospital building.

The decree of the court below will therefore be reversed, and a decree will be entered here for the appellee

for all items allowed by the court below, except the said items for moulds and models and for detailing.

Reversed, and decree here for appellee.